UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELIZABETH MCGRATH,<br><br>        Plaintiff,<br><br>v.<br><br>ALL MEDICAL PERSONNEL, INC et al,<br><br>        Defendants. | Case No. 2:23-CV-05181-SB-PVC<br><br><br>ORDER DENYING MOTION TO REMAND [DKT. NO. 23] |

      Plaintiff Mary Elizabeth McGrath filed this putative class action against her former employer, Defendant All Medical Personnel,[1] alleging a variety of wage and hour claims under California law.  One such claim sought waiting time penalties under California Labor Code § 203 for failure to timely pay wages upon separation of employment.  Calculating these penalties alone to place $4.98 million in controversy (with a total of $6.90 million in controversy), Defendant removed the case under the Class Action Fairness Act (CAFA).  Plaintiff filed a motion to remand, contesting Defendant's calculation.  Dkt. No. 23.  Because the Court finds Defendant has relied on a reasonable chain of logic and provided sufficient evidence to support its calculation of the amount-in-controversy, the Court denies the motion to remand.

---

[1] The Complaint names All Medical Personnel, Inc, and All Medical Personnel, LLC.  Dkt. No. 1-2 at 68 of 102.  Both entities are represented by the same counsel.  For consistency in referring to a singular employer, the Court refers to them as a singular Defendant.

1

I.

Plaintiff filed this case in California state court on January 4, 2023. Dkt. No. 1-2 at 6 of 102. She brought claims on behalf of a putative class for (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to permit rest breaks; (5) failure to reimburse business expenses; (6) failure to provide accurate itemized wage statements; (7) failure to timely pay wages during employment; (8) failure to pay all wages upon separation of employment (waiting time penalties); and (9) for violations of California's Business and Professions Code. *Id*. Plaintiff filed her first amended complaint on May 9, 2023, adding a tenth cause of action under California's Private Attorneys General Act (PAGA).[2] *Id*. at 68 of 102.

Defendant removed the case on June 29, 2023, alleging this Court has jurisdiction under CAFA. Dkt. No. 1. Defendant alleged that the amount in controversy totaled $6.9 million, based on its assumptions that all terminated employees were owed a full 30-days of waiting time penalties, that every wage statement was defective, that each class member missed one meal and one rest break a week, and that each employee was entitled to one hour of unpaid, non-overtime wages per week. *Id*. at 8–15. Waiting time penalties make up the bulk of the amount in controversy, totaling $4,981,454.40 by Defendant's calculation. *Id*. at 8–9. Defendant estimated an additional $1.9 million based on its calculations for wage statement violations, meal and rest break violations, unpaid wages, liquidated damages, and attorney's fees (on a subset of claims), and arrived at $6,904,640.26 as the amount in controversy. *Id*. at 15.

Plaintiff filed a motion to remand on July 26, 2023, alleging that Defendant's estimate of the amount in controversy was inflated, primarily challenging the assumption that each class member would be entitled to 30 days of waiting time penalties. Dkt. No. 23.

II.

CAFA generally establishes federal jurisdiction over class actions in which the amount in controversy exceeds $5 million and any member of the class is a

---

[2] Plaintiff also filed a second amended complaint on July 14, 2023, after the notice of removal. Dkt. No. 12. Because the removal analysis is limited to the pleadings at the time of removal, the Court does not consider the SAC here. *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017).

citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2).  A party removing a case under CAFA bears the burden to demonstrate federal jurisdiction.  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  Because Congress enacted CAFA to facilitate adjudication of certain class actions in federal court, "no antiremoval presumption attends cases invoking CAFA."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  CAFA requires a removing defendant to provide a "short and plain statement of the grounds for removal."  *Id.* at 87; 28 U.S.C. § 1446(a).  The notice of removal "need include only a plausible allegation that the amount-in-controversy exceeds the jurisdictional threshold."  *Dart Cherokee*, 574 U.S. at 89.  When a defendant's allegations are challenged in a motion to remand, the defendant must show by a preponderance of the evidence that the amount in controversy exceeds CAFA's $5 million threshold.  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  In making this showing, Defendant may rely on reasonable assumptions.  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).  It is defendant's burden to show that its assumptions are reasonable.  *Ibarra*, 775 F.3d at 1199.  Where a defendant "relie[s] on a reasonable chain of logic and present[s] sufficient evidence to establish that the amount in controversy exceeds $5 million," it has met its burden of proof.  *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).

In her motion to remand, Plaintiff primarily challenges Defendant's calculation of waiting time penalties.  Dkt. 23-1 at 3–4, 7–8.  Plaintiff argues Defendant's 30-day assumption is unsupported and contradicted by the evidence.  In support, she provides evidence that she received her final paycheck 11 days after she stopped working for Defendant.  Dkt. No. 23-2 ¶ 4; Dkt. No. 23-3 ¶ 4.  On this basis, she contends that 11 days of waiting time penalties would be a more reasonable assumption.  Dkt. 23-1 at 8.  The remainder of her motion challenges Defendant's calculation of wage statement violations and briefly attacks Defendant's meal break, rest break, and minimum wage violation assumptions as unsupported.  Dkt. 23-1 at 8–9.

In opposition, Defendant argues that § 203 entitles an employee to a penalty for failure to pay *all* wages owed, including missed-break premium pay.  Dkt. 29 at 4–5.  Additionally, Defendant points out that the alleged violations had remained unremedied for more than 30 days prior to the filing of the FAC, subjecting Defendant to liability for a full 30 days of wages.  *Id.* at 6.

3

III.

Under California Labor Code § 203, an employer owes waiting time penalties when it fails to pay an employee immediately upon termination (or, in certain circumstances, within 72 hours thereof). Cal. Lab. Code § 203. For every day the employer fails to pay, it owes the employee one day of that employee's regular wages. *Id*. The penalty is capped at 30 days. *Id*. "Wages" in § 203 includes money the employer owed the employee at the time of termination for missed meal and rest breaks, unpaid overtime, and underpayment of minimum wage. *Naranjo v. Spectrum Sec. Servs., Inc.*, 13 Cal. 5th 93, 102, 109, 117 (2022).

The "very nature" of a wage-and-hour class action "requires Plaintiff to allege that putative class members have not received all wages owed in violation of the law." *Ramos v. Schenker, Inc.*, No. 5:18-CV-01551-JLS-KK, 2018 WL 5779978, at *2 (C.D. Cal. Nov. 1, 2018). Every class member, by virtue of being a member of the class, has not received, and is necessarily owed, outstanding wages. *Gomez v. Metro Air Serv. Inc.*, No. 2:22-CV-04979-SP, 2023 WL 1822373, at *5 (C.D. Cal. Feb. 7, 2023). And every member of the subclass of terminated employees was necessarily owed money at termination and are consequently eligible for waiting time penalties. *Id.*; *see also Ramos*, 2018 WL 5779978 at *2 ("[A]llegations of unpaid wages are implicit allegations of maximum damages for waiting time penalties."). Since the lawsuit alleges violations that remain unremedied at the time of filing, a class member terminated more than 30 days before the filing of a lawsuit is entitled to the full 30-day penalty. *See Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) (finding assumption that class members were entitled to full 30-days of waiting time penalties reasonable given that the members had been terminated more than 30 days before the filing of the complaint).

Here, Plaintiff alleges claims for unpaid minimum wages, unpaid overtime, and unpaid meal and rest breaks. Each of these claims qualify as "wages" under *Naranjo* and entitles class members to waiting time penalties. Because every employee included in Defendant's calculation of waiting time penalties had already been terminated as of the date of the filing of the initial complaint, Dkt. No. 29 at 6, and because several months passed between the filing of the initial complaint and the FAC, every putative class member's alleged violation persisted for more than 30 days. As a result, taking the allegations in the FAC as true, the putative waiting time subclass is entitled to 30 days of waiting time penalties.

4

Plaintiff argues that because she pleaded her claim for § 203 penalties as "only being directly caused by Defendants failing 'to pay the Waiting Time subclass all their earned wages,'" she does not seek penalties for her employer's failure to pay unpaid meal and rest breaks, overtime, or underpaid minimum wages owed at termination. Dkt. No. 23-1 at 7. In doing so, she effectively attempts to disavow waiting time penalties for anything other than receipt of an employee's last paycheck. In her reply brief, Plaintiff again attempts to cabin the claim by pointing out that the cause of action describes wages as "Waiting Time Subclass members' regularly daily wages at their regular hourly rate of pay for each day they were not paid." Dkt. No. 30 at 2–3 (quoting FAC ¶ 96, Dkt. No. 1-2 at 85 of 102). But this language describes the statutory penalty, not the violation for which the penalty is sought. *See* FAC ¶ 96, Dkt. No. 1-2 at 85 of 102. Instead, the claim as pleaded in the FAC seeks penalties for failure to pay "earned wages," *id*. ¶¶ 93, 94, or "wages owed immediately upon discharge," *id*. ¶ 95, and, as stated above, this includes meal and rest breaks, unpaid overtime, and minimum wages. Moreover, even if Plaintiff could expressly disavow her own ability to recover waiting time penalties for other actions, such disavowal would not bind the other putative members of the class. *Cf. Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592–93 (2013) (plaintiff's pre-certification stipulation does not limit amount in controversy because class members are not bound).

Plaintiff argues that an 11-day waiting time penalty is a more reasonable assumption, because she received her final paycheck 11 days after termination.[3] But that does not mean she received *all* wages she was owed. The Court must assume the other allegations in the complaint are true for purposes of calculating the amount in controversy, *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017), and that means Plaintiff is still owed at least some overtime, some missed meal and rest breaks, and some underpayment of minimum wages.

In opposition to Plaintiff's motion to remand, Defendant supported its 30-day assumption by noting that missed rest-break violations constitute waiting time violations under *Naranjo*, Dkt. No. 29 at 4–5, and pointing out that the alleged violations remained unaddressed for longer than 30 days by the time Plaintiff filed the FAC, *id*. at 6. Defendant has met its burden of proof as articulated in *LaCross*:

---

[3] Plaintiff offers this fact in two declarations supporting her motion to remand, Dkt. No. 23-2 ¶ 4 and Dkt. No. 23-3 ¶ 4, as well as in her SAC, Dkt. No. 12. While the Court cannot consider the allegations in the SAC on a motion to remand, it does consider the evidence offered in Plaintiff's declarations.

it has relied on a reasonable chain of logic and has provided sufficient evidence to establish that the amount in controversy on this claim is the full 30-day penalty.

Multiplying 30 days by the number of hours in a workday subclass members were typically scheduled to work (8 hours) by the average hourly wage of the subclass ($25.22) and by the number of subclass members (823)—assumptions Plaintiff does not challenge and so are taken as plausibly alleged in the notice of removal, Dkt. No. 1 at 9—the amount in controversy from waiting time penalties is $4,981,454.40.

IV.

Plaintiff also challenges Defendant's other assumptions as unreasonable. But even if the Court were to agree that the assumptions were unsupported, the Court cannot just zero them out. *Jauregui*, 28 F.4th at 995–96 (reversing order granting remand where district court assigned zero value to claims where it disagreed with the removing defendants' assumptions). Instead, where the amount in controversy would be met by using any plausible figures, the court can conclude that the amount in controversy is met. *Id*. (substituting lowest plausible figure for a given claim where "neither party, nor the district court, believed amount in controversy for this claim to be anywhere near $0.").

That is the case here. Once the waiting time penalties are calculated at $4.98 million, Plaintiff's disputes over the remaining amount in controversy—which need only exceed $18,545.60—become immaterial. If Defendant's meal and rest break assumption were reduced to one "missed, short, late and/or interrupted" meal period every four months, the amount in controversy would still be met. The same is true if class members missed a single rest period in a four-month span, worked one unpaid hour every 12 weeks, or received one wage statement that failed to comply with California Labor Code § 226 out of every ten wage statements received. And this is true even ignoring Plaintiff's claims for liquidated damages and attorney's fees (for which Defendant has provided estimates), not to mention Plaintiff's claims for unreimbursed business expenses, failure to timely pay wages during employment, PAGA penalties, and overtime.[4]

---

[4] Notably, Plaintiff has amended her complaint twice and retained these claims, demonstrating she does not believe the amount in controversy for them to be zero.

V.

The Court is bound by the Ninth Circuit's repeated admonitions not to impose an anti-removal presumption in CAFA cases. *Jauregui*, 28 F.4th at 992–93; *Arias*, 936 F.3d at 922 (clarifying defendant's burden in light of "remnants of our former antiremoval presumption [that] seem to persist"). Heeding those admonitions, the Court finds that Defendant has met its burden to demonstrate the total amount at issue in this case exceeds the $5 million threshold required by CAFA. The motion to remand is therefore DENIED.

Date: August 25, 2023

Stanley Blumenfeld, Jr.
United States District Judge